# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| NOREEN PERDUE, ELIZABETH DAVIS-BERG, DUSTIN MURRAY, MELANIE SAVOIE, CHERYL ELLINGSON, ANGELA TRANG, HARLEY WILLIAMS, MARY WILLIAMS, GORDON GREWING, MELISSA WARD, and PATRICIA DAVIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HY-VEE, INC., <br><br> Defendant. | Case No. 1:19-cv-01330-MMM-JEH |

## HY-VEE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
## CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

George J. Tzanetopoulos
Maria A. Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
T: 312.416.6200
F: 312.416.6201
gtzanetopoulos@bakerlaw.com
mboelen@bakerlaw.com

Paul Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600
pkarlsgodt@bakerlaw.com

John P. Heil, Jr.
Emily J. Perkins
**HEYL, ROYSTER, VOELKER & ALLEN, P.C.**
P.O. Box 6199
300 Hamilton Blvd.
Peoria, IL 61601-6199
T: 309-676-0400
F: 309-676-3374
jheil@heylroyster.com
eperkins@heylroyster.com

**Table of Contents**

                                                      **Page**

Introduction ............................................................................................................................... 1

Argument .................................................................................................................................. 1

I.     Plaintiffs Fail to Directly Respond to Several Arguments Hy-Vee Makes for Dismissing Their Statutory Claims. ............................................................................ 1

        A.     Plaintiffs' Statutory Unfair Practices Claims Fail for the Reasons Asserted in the Motion. ................................................................................................. 1

        B.     Plaintiffs' Illinois CFA, Iowa CFA, Wisconsin DTPA, and Missouri MPA Damages Theories Fail. ......................................................................... 2

        C.     Plaintiffs Misconstrue Hy-Vee's Illinois CFA, Iowa CFA, and Wisconsin DTPA Causation Argument. ....................................................................... 3

        D.     Plaintiffs Cannot State Minnesota DTPA, Minnesota CPA, or Missouri MPA Claims Because Hy-Vee's Alleged Misrepresentations Are Not Sufficiently Connected to Its Sale of Goods and Services. ........................................... 5

        E.     Plaintiffs' Illinois DTPA and Minnesota DTPA Claims Fail Because an Injunction Against Hy-Vee Cannot Protect Plaintiffs from Identify Theft. ............ 5

        F.     Plaintiffs Waived Any Argument that Hy-Vee Violated the Iowa PIPA or the Kansas PCI. ................................................................................... 6

II.    Plaintiffs' Implied Contract Theory Fails. ..................................................................... 6

III.   Plaintiffs' Novel Third-Party Beneficiary Claims Are Unsupported and Fail. .................. 7

IV.   Plaintiffs' Unjust Enrichment Claims Fail. .................................................................... 8

V.    Regardless of Whether Hy-Vee Owed Plaintiffs Any Duty, the Economic-Loss Doctrine Bars Plaintiffs' Illinois, Missouri, and Kansas Negligence Claims. ....................... 9

Conclusion .............................................................................................................................. 11

## Table of Authorities

Page(s)

**Cases**

*Adkins v. Adams*,
   152 F.2d 489 (7th Cir. 1945) ................................................................................................7

*Anderson v. Hannaford Bros. Co.*,
   659 F.3d 151 (1st Cir. 2011) ................................................................................................6, 7

*In re Anthem, Inc. Data Breach Litig.*,
   No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ..............................9

*Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*,
   887 F.3d 803 (7th Cir. 2018) .........................................................................................6, 8, 10

*Connick v. Suzuki Motor Co., Ltd.*,
   675 N.E.2d 584 (Ill. 1996) .....................................................................................................4

*Dannix Painting, LLC v. Sherwin-Williams Co.*,
   732 F.3d 902 (8th Cir. 2013) ................................................................................................10

*David v. Hett*,
   270 P.3d 1102 (Kan. 2011) ..................................................................................................11

*De Bouse v. Bayer*,
   922 N.E.2d 309 (Ill. 2009) .....................................................................................................4

*Graham Const. Servs. v. Hammer & Steel Inc.*,
   755 F.3d 611 (8th Cir. 2014) ................................................................................................10

*Grawitch v. Charter Commc'ns, Inc.*,
   750 F.3d 956 (8th Cir. 2014) .................................................................................................5

*Kuhns v. Scottrade, Inc.*,
   868 F.3d 711 (8th Cir. 2017) .................................................................................................5

*Marcatante v. City of Chicago, Ill.*,
   657 F.3d 433 (7th Cir. 2011) .................................................................................................7

*In re Marriott Int'l, Inc.*,
   No. 19-MD-2879, 2020 WL 869241 (D. Md. Feb. 21, 2020) ..........................................3, 11

*Mednick v. Precor, Inc.*,
   320 F.R.D. 140 (N.D. Ill. 2017) ............................................................................................4

*Moyer v. Michaels Stores, Inc.*,
 No. 14 C 561, 2014 WL 3511500 (N.D. Ill. July 14, 2014) ...................................................... 2

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
 198 F. Supp. 3d 1183 (D. Or. 2016) ......................................................................................... 8

*Rand Const. Co. v. Dearborn Mid-W. Conveyor Co.*,
 944 F. Supp. 2d 1042 (D. Kan. 2013) ..................................................................................... 11

*Resnick v. AvMed, Inc.*,
 693 F.3d 1317 (11th Cir. 2012) ................................................................................................ 8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
 996 F. Supp. 2d 942 (S.D. Cal. 2014), *order corrected*, No. 11MD2258 AJB
 (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014) ........................................................... 3

*In re SuperValu, Inc.*,
 925 F.3d 955 (8th Cir. 2019) ................................................................................................ 2, 9

*In re Target Corp. Data Sec. Breach Litig.*,
 66 F. Supp. 3d 1154 (D. Minn. 2014) ....................................................................................... 9

*Vanzant v. Hill's Pet Nutrition, Inc.*,
 934 F.3d 730 (7th Cir. 2019) ................................................................................................ 3, 4

*Web Innovations & Tech. Servs., Inc. v. Bridges to Digital Excellence, Inc.*,
 69 F. Supp. 3d 928 (E.D. Mo. 2014) ...................................................................................... 10

*Zadrozny v. City Colleges of Chicago*,
 581 N.E.2d 44 (Ill. App. 1st Dist. 1991) ................................................................................... 7

**Statutes**

815 ILCS § 530/45 ............................................................................................................................ 9

**Rules**

Federal Rule of Civil Procedure 12 ............................................................................................ 8, 10

**Introduction**

Plaintiffs' Memorandum of Law in Opposition to Hy-Vee's Motion to Dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint [Dkt. No. 36] (the "Response") is deficient in several respects. First, Plaintiffs do not directly address several of Hy-Vee's arguments for dismissing Plaintiffs' statutory claims. Second, Plaintiffs rely on flawed reasoning to support their implied contract theory. Third, Plaintiffs fail to cite a single case recognizing the existence of their third-party beneficiary breach of contract theory. Fourth, Plaintiffs rely on inapposite cases to support their unjust enrichment claim. Finally, Plaintiffs do not adequately identify a duty to support their negligence claims or explain how their negligence claims escape the Illinois, Missouri, and Kansas economic-loss doctrines. For these reasons, in addition to those stated in Hy-Vee's Memorandum of Law in Support of Its Motion to Dismiss Consolidated Second Amended Class Action Complaint [Dkt. No. 31] (the "Motion"), Plaintiffs' Complaint should be dismissed.

**Argument**

**I.      Plaintiffs Fail to Directly Respond to Several Arguments Hy-Vee Makes for Dismissing Their Statutory Claims.**

    **A.      Plaintiffs' Statutory Unfair Practices Claims Fail for the Reasons Asserted in the Motion.**

Plaintiffs incorrectly assert that Hy-Vee does not address any unfair acts or practices claims they may have under the Illinois CFA, Iowa CFA, and Missouri MPA. (Resp. at 5.) In its Motion, Hy-Vee argued that Plaintiffs' Illinois CFA and Iowa CFA claims fail for lack of ascertainable damages and causation under any theory or pleading standard (Mot. at 25-28) and that Plaintiffs' Missouri MPA claims fail under any theory or pleading standard because Plaintiffs do not allege a misstatement made in connection with the sale of merchandise or, alternatively, ascertainable damages (Mot. at 25-26, 28-29). Because Plaintiffs have failed to

plead facts necessary to make out a plausible claim for these required elements, it is not necessary to address whether Plaintiffs have pled facts that might be sufficient to support every other element of the Plaintiffs' claims under the Illinois CFA, Iowa CFA, and Missouri MPA.

      **B.    Plaintiffs' Illinois CFA, Iowa CFA, Wisconsin DTPA, and Missouri MPA Damages Theories Fail.**

As explained in the Motion, Plaintiffs' Illinois CFA, Iowa CFA, Wisconsin DTPA, and Missouri MPA claims fail for lack of ascertainable damages. (Mot. at 25-27.) Plaintiffs respond by criticizing Hy-Vee for relying on out-of-circuit authority that "is at odds with *Dieffenbach*." (Resp. at 8.) Yet Plaintiffs admit that "*Dieffenbach* addresses California consumer law's 'loss of money or property' requirement." (Resp. at 7.) While data breach litigation remains an emerging area of law, out-of-circuit cases discussing the actual statutes at issue here, in this context, are surely more persuasive than the case that Plaintiffs cite interpreting a statute with different language passed by a different state that has no application here. Moreover, Hy-Vee does, in fact, cite in-circuit authority. (Mot. at 25.) In *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 3511500 (N.D. Ill. July 14, 2014), the Northern District of Illinois dismissed claims under the Illinois CFA because the plaintiffs had not "pled the type of economic damages necessary" to state a claim. *Id.* at *7. Plaintiffs' Illinois CFA, Iowa CFA, Wisconsin DTPA, and Missouri MPA claims, likewise, should be dismissed.

Plaintiffs also incorrectly claim that Hy-Vee asks the Court to "draw inferences against Plaintiff." (Resp. at 8.) Hy-Vee does not do so; rather, Hy-Vee asks the Court to follow caselaw holding, as a matter of law, that it is not reasonable to infer that Plaintiffs were not reimbursed for fraudulent charges because it "runs counter to established law and common experience." *In re SuperValu, Inc.*, 925 F.3d 955, 964-65 (8th Cir. 2019). Plaintiffs do not point to any allegations giving rise to an inference that their banks disregarded or were exempt from federal

law; thus, Plaintiffs have not adequately pled that they suffered actual damages.

Finally, the only cases Plaintiffs cite in support of their alleged benefit-of-the-bargain losses are easily distinguished. (Resp. at 9.) In both cases, the plaintiffs were required to provide their personal information to complete a transaction with the defendants. *In re Marriott Int'l, Inc.*, No. 19-MD-2879, 2020 WL 869241, at *1 (D. Md. Feb. 21, 2020) ("When guests make a reservation to stay at a Marriott property, they must provide personal information including . . . payment card information."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 954 (S.D. Cal. 2014), *order corrected*, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014) ("As part of this registration process, Plaintiffs and other consumers were required to provide Sony with personal identifying information, including . . . credit and debit card information."). Here, Plaintiffs make no such allegation, and it is clear that Hy-Vee did not require Plaintiffs to provide personal information because Hy-Vee accepts cash payments. Plaintiffs' individual decisions to use payment cards for convenience was not part of their bargain with Hy-Vee, so there can be no benefit-of-the-bargain losses.

    **C.    Plaintiffs Misconstrue Hy-Vee's Illinois CFA, Iowa CFA, and Wisconsin DTPA Causation Argument.**

As explained in the Motion, Plaintiffs failed to allege proximate causation supporting their Illinois CFA, Iowa CFA, and Wisconsin DTPA claims because they do not allege they received any communication or advertisement from Hy-Vee regarding data security. (Mot. at 27-28.) In the Response, Plaintiffs misunderstand that Hy-Vee is making a causation argument and rely on authority that actually supports Hy-Vee's argument. (Resp. at 9.) Plaintiffs are not required to rely on the misrepresentation because "it's the plaintiff's 'damage,' not his purchase, that must occur 'as a result of' the deceptive act or practice." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019). Even in *Vanzant*, the plaintiffs "saw the specific

3

'prescription' language and symbols when they made their purchases." *Id.* The other case cited by Plaintiffs, *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584 (Ill. 1996), involved misleading statements Suzuki made in "Car & Driver" magazine. *Id.* at 594. More recently, the Northern District of Illinois recognized that Illinois Supreme Court cases decided after *Connick* have reaffirmed that "personal exposure to the alleged misrepresentation is crucial under Illinois law." *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 149 (N.D. Ill. 2017).

Further, *Vanzant* and *Connick* are inapposite because Plaintiffs theory is that Hy-Vee omitted material information at the time of sale. (Resp. at 10.) *Connick* rejected this theory, holding that "the complaint was insufficient to state a claim of statutory consumer fraud based on statements of local Suzuki dealers because the complaint did not adequately plead agency between Suzuki and the local dealers." *Connick*, 675 N.E.2d at 594. Plaintiffs, likewise, do not allege that Hy-Vee gave its employees authority to make statements regarding Hy-Vee's data security policies. Nor do Plaintiffs cite a single case finding that the alleged omissions of a low-level employee at the point of sale can serve as the basis of a consumer fraud claim.

In addition, Plaintiffs' assertion Hy-Vee omitted relevant information regarding the case it cites is misplaced. (Resp. at 10.) *De Bouse v. Bayer*, 922 N.E.2d 309 (Ill. 2009), involved prescription medications, and the court limited its "consideration of the question to whether offering prescription drugs for sale in Illinois is a representation that the drug is safe for its intended use." *Id.* at 317. The court determined that "the mere sale of a prescription medication cannot be a representation which serves as the basis for a consumer fraud claim." *Id.* at 318. Here, Plaintiffs do not allege that Hy-Vee made any misrepresentations regarding the actual products Hy-Vee sells, so there is no reason to engage in any factual analysis regarding the nature of Hy-Vee's products. Plaintiffs simply fail to plead causation to support their claims.

4

### D. Plaintiffs Cannot State Minnesota DTPA, Minnesota CPA, or Missouri MPA Claims Because Hy-Vee's Alleged Misrepresentations Are Not Sufficiently Connected to Its Sale of Goods and Services.

Contrary to Plaintiffs' assertion, Hy-Vee does not misapprehend the case and Plaintiffs' claims. (Resp. at 10.) The fact is, as Hy-Vee argued in its Motion, Plaintiffs do not state claims under the Minnesota DTPA, Minnesota CPA, or Missouri MPA because this is not a case about the sale of data security services (Mot. at 28-29), which Plaintiffs admit (Resp. at 10). The requisite connection between Hy-Vee's sale of goods and the alleged misrepresentation regarding data security is lacking. In other words, Plaintiffs do not allege that the groceries, carryout food, and gas they purchased from Hy-Vee was somehow defective or less valuable than what they bargained for. *See Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017) (To state a claim under the Missouri MPA "an ascertainable pecuniary loss must occur in relation to the plaintiff's purchase or lease of that merchandise."). Likewise, Plaintiffs cannot state a claim for damages caused by the alleged misrepresentation because they do not allege that Hy-Vee sold them data security services. *Id.*; *see also Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014) (dismissing Missouri MPA claim for failure to "allege facts to support the plaintiffs' allegation of damages because [the complaint did] not allege that the plaintiffs paid extra for the [upgrade]."). The Court is not bound by the out-of-circuit district court cases cited by Plaintiffs (Resp. at 11) and should, instead, adopt the Eighth Circuit's reasoning in *Kuhns*.

### E. Plaintiffs' Illinois DTPA and Minnesota DTPA Claims Fail Because an Injunction Against Hy-Vee Cannot Protect Plaintiffs from Identify Theft.

Plaintiffs claim that they allege the possibility of future harm to support their Illinois DTPA and Minnesota DTPA claims because their allegedly stolen information might be used to perpetrate future frauds. (Resp. at 13.) But, as explained in the Motion, the Illinois DTPA and Minnesota DTPA only offer injunctive relief. (Mot. at 29.) An injunction against Hy-Vee cannot

prevent the future harm Plaintiffs allege. Hy-Vee would logically have no control over what the cybercriminals might or might not do with information that has allegedly already been stolen. There is simply no relief available against Hy-Vee under the Illinois DTPA or Minnesota DTPA.

### F. Plaintiffs Waived Any Argument that Hy-Vee Violated the Iowa PIPA or the Kansas PCI.

Even if the Iowa PIPA and the Kansas PCI allow for private causes of action, which Hy-Vee disputes, Plaintiffs failed to respond to Hy-Vee's argument that Plaintiffs did not allege Hy-Vee violated these statutes. (Mot. at 21-22.) The Iowa Plaintiffs admit their banks notified them of the breach (Resp. at 14; Compl. ¶¶ 32, 38, 46), which is substitute notice under both statutes (*see* Mot. at 21). Hy-Vee also announced the breach to the public on August 14, 2019. (Compl. ¶ 3.) Plaintiffs' failure to respond and specifically identify the basis for their claim that Hy-Vee violated the Iowa PIPA and Kansas PCI waives these claims. *See Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 825 (7th Cir. 2018) ("[A] claim that does not fit into an existing legal category requires more argument by the plaintiff to stave off dismissal, not less."). Both claims must be dismissed.

## II. Plaintiffs' Implied Contract Theory Fails.

Plaintiffs rely on cases allowing implied contract claims based on alleged customer expectations regarding the merchant's implied promise to safeguard payment card data. (*See* Mot. at 15 n.1.) Chief among them is *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011), which held that a data security promise could be implied into the contract for the purchase of goods because a fact finder could conclude it was "indispensable to effectuate the intention of the parties." *Id.* at 159.

This reasoning is flawed and is inconsistent with in-circuit law regarding implied contracts. A term is implied into an express contract when, absent the implied term, the parties'

6

agreement falls apart. *See, e.g.*, *Adkins v. Adams*, 152 F.2d 489, 492 (7th Cir. 1945) ("Before a covenant will be implied in the express terms of a contract, it must appear therefrom that it was so clearly in the contemplation of the parties as that they deemed it unnecessary to express it, and therefore omitted to do so, or that it is necessary to imply such covenant in order to give effect to and effectuate the purpose of the contract as a whole."). Security procedures are not necessary to effectuate the purchase of food and gas with a card. Regardless of a merchant's security measures, so long as it has an operational point-of-sale system, payment card transactions can be completed. This is why the more well-reasoned decisions rejected the conclusion that an implied contract is created for the sole reason that the plaintiff provided the defendant with information. (*See* Mot. at 14-15.)

Plaintiffs' argument, as well as cases like *Hannaford*, boils down to implying an obligation to use specific security measures based on unilateral expectations. A plaintiff's "unilateral expectation is insufficient to create an implied contract." *Marcatante v. City of Chicago, Ill.*, 657 F.3d 433, 441-42 (7th Cir. 2011); *see also Zadrozny v. City Colleges of Chicago*, 581 N.E.2d 44, 48 (Ill. App. 1st Dist. 1991) ("In order to recover on an implied contract, the facts and circumstances must show that, at the time the services were rendered, one party expected to receive payment and the other party intended to make payment."). Plaintiffs' implied contract claims, therefore, should be dismissed.

### III.   Plaintiffs' Novel Third-Party Beneficiary Claims Are Unsupported and Fail.

As explained in the Motion, Plaintiffs must allege sufficient facts to put Hy-Vee on notice of the contracts it allegedly breached. (Mot. at 16-17.) Instead of addressing Hy-Vee's argument squarely, Plaintiffs respond that they are not required to attach the contract, citing a single California case quoting a California statute. (Resp. at 22.) Obviously, the contract itself is not required to put Hy-Vee on notice of which contract or contracts Plaintiffs claim Hy-Vee

7

breached. Plaintiffs, however, do not even identify the "credit card companies" with whom Hy-Vee allegedly contracted. It is not clear if Plaintiffs are referring to credit card issuers or credit card networks. Nor is it clear how many contracts Plaintiffs allege Hy-Vee breached in a single count. There are so many "credit card companies" potentially affected that those companies filed a separate class action against Hy-Vee. Claiming that Hy-Vee knows what agreements Plaintiffs are referring to is absurd. Plaintiffs' inability to identify even the parties with whom they allege Hy-Vee contracted is fatal to any claim alleging breach of contract.

Moreover, Plaintiffs fail to cite a single case recognizing the novel theory they assert. Their argument is akin to hoping "that the current legal ferment in the world of . . . data breach litigation—will brew [ ] up a theory at some future date if only [they] can stave off immediate dismissal under Rule 12(b)(6)." *Schnuck Mkts., Inc.*, 887 F.3d at 825 (quotation marks omitted). Plaintiffs' unsupported novel legal theory should be rejected.

**IV.     Plaintiffs' Unjust Enrichment Claims Fail.**

In the Motion, Hy-Vee cites well-reasoned cases in which courts specifically declined to extend Plaintiffs' unjust enrichment theory to data breach cases. (Mot. at 18.) Plaintiffs' attempt to distinguish these cases is confusing and unpersuasive and should be rejected. (Resp. at 23-25.)

The key distinction between this case and many of the data breach cases allowing a claim for unjust enrichment is whether a plaintiff's personal information is required to complete a transaction with the defendant. In the healthcare setting, for example, patients cannot receive care without first providing their personal information. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1322 (11th Cir. 2012) (evaluating claim against health care services company related to the theft of laptop computers containing patient information); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 198 F. Supp. 3d 1183, 1188 (D. Or. 2016) ("To become a Premera member (or, for Blue members, receive healthcare services from a provider within the Premera

8

network), an individual must give Premera his or her Sensitive Information."); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at *2 (N.D. Cal. May 27, 2016) ("In order to provide certain member services, the Anthem and Non-Anthem Defendants 'collect, receive, and access their customers' and members' extensive individually identifiable health record information.'"). Here, in contrast, no such requirement exists—Hy-Vee accepts cash payments, for which no personal information must be provided.

The other cases cited by Plaintiffs are out-of-circuit district court cases that do not offer any persuasive basis to depart from the well-reasoned decisions cited by Hy-Vee. In *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154 (D. Minn. 2014), the court allowed a claim to proceed based on allegations that Target knew a breach was in progress but failed to notify its customers. *Id.* at 1178. Customers who shopped during that window, the Court held, stated an unjust enrichment claim. *Id.* Plaintiffs here do not plead this theory, nor could they. Rather, they allege the same general overpayment theory that even the *Target* court rejected. (*See* Compl. ¶ 297.) *See also Target*, 66 F. Supp. 3d at 1178 ("[T]he fact that all customers regardless of payment method pay the same price renders Plaintiffs' overcharge theory implausible."). Plaintiffs' struggle to cogently explain their unjust enrichment theory merely highlights that it "goes against common sense." *See SuperValu*, 925 F.3d at 966.

## V. Regardless of Whether Hy-Vee Owed Plaintiffs Any Duty, the Economic-Loss Doctrine Bars Plaintiffs' Illinois, Missouri, and Kansas Negligence Claims.

As an initial matter, Hy-Vee disputes that Plaintiffs have sufficiently identified a duty that can save any of their negligence or negligence *per se* claims. First, Plaintiffs' reference to 815 ILCS § 530/45 should be disregarded because Plaintiffs do not sufficiently develop any argument to support finding a duty under the statute. (Resp. at 25.) Plaintiffs simply fail to satisfy their burden of "proffer[ing] some legal basis to support [their] case of action." *See*

9

*Schnuck Mkts., Inc.*, 887 F.3d at 825 ("If a Rule 12 motion to dismiss is filed, plaintiffs must 'specifically characterize or identify the legal basis' of their claims or face dismissal."). Plaintiffs' vague reference to "similar state statutes" should also be disregarded because Hy-Vee should not be expected to guess which statutes Plaintiffs allege it failed to satisfy. (Resp. at 27.) But regardless of whether or not a duty can be found, the economic-loss doctrine bars Plaintiffs' Illinois, Missouri, and Kansas negligence and negligence *per se* claims.

Plaintiffs have not pled a non-contractual negligence claim that is excepted from the Missouri economic-loss doctrine. (Resp. at 29.) In Missouri, the economic-loss doctrine applies to tort claims brought by a "disappointed commercial buyer." *Graham Const. Servs. v. Hammer & Steel Inc.*, 755 F.3d 611, 617 (8th Cir. 2014). To state a fraud claim alongside a contractual claim, "it must be based upon a misrepresentation that was outside of or collateral to the contract." *Web Innovations & Tech. Servs., Inc. v. Bridges to Digital Excellence, Inc.*, 69 F. Supp. 3d 928, 933 (E.D. Mo. 2014). The critical factors are "whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract" and "whether the plaintiff suffered additional damages outside the contract because of the alleged fraud." *Id.* Missouri applies the economic-loss doctrine to negligent misrepresentation claims derived from disappointed commercial expectations. *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 909 (8th Cir. 2013). Plaintiffs cannot have it both ways here—Plaintiffs' contract and tort claims arise from the exact same conduct. If, as Plaintiffs allege, the "[p]rotection of personal information is a material term of the implied contracts between Plaintiffs and class members, on the one hand, and Hy-Vee, on the other hand" (Compl. ¶ 176), then the subject matter of Plaintiffs' negligence claims is incorporated into the parties' contracts for the purchase of goods. Plaintiffs cannot state both negligence and implied contract claims under Missouri law because

10

the economic-loss doctrine bars them from doing so.

In Kansas, similarly, "the economic loss doctrine is 'the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing physical harm to others.'" *Rand Const. Co. v. Dearborn Mid-W. Conveyor Co.*, 944 F. Supp. 2d 1042, 1062 (D. Kan. 2013). "If the duty arises from contract, as opposed to an independent duty arising by operation of law, negligence claims are barred by the economic loss doctrine." *Id. David v. Hett*, 270 P.3d 1102 (Kan. 2011), cited by Plaintiffs, "reflects a particularized determination that the doctrine should not displace existing case law, given the distinct nature of residential service contracts." *Rand Const. Co.*, 944 F. Supp. 2d at 1063. Therefore, Plaintiffs' negligence claims fail under Kansas law for the same reasons that they fail under Missouri law—the same conduct cannot support both negligence and implied contract claims.

Finally, Plaintiffs ask the Court to be the very first court to hold that the Illinois economic-loss doctrine does not apply in the data breach context. (Resp. at 30.) Hy-Vee cites multiple cases holding that the Illinois economic-loss doctrine bars data breach-related negligence claims. (Mot. at 10-11 (collecting cases).) Plaintiffs respond that the District of Maryland thought that the Illinois Supreme Court *might* disagree. (Resp. at 30.) In *Marriott*, however, the court "did not decide the issue, because . . . based on the current state of Illinois law Defendants did not owe a duty to Plaintiffs to protect their personal information." *In re Marriott Int'l, Inc.*, 2020 WL 869241, at *20. Accordingly, the Court should decline Plaintiffs' invitation and, instead, side with the Illinois district court judges who have considered this issue.

## Conclusion

For the foregoing reasons and for the reasons stated in its opening brief [Dkt. No. 31], Hy-Vee respectfully requests that the Court dismiss Plaintiffs' Complaint.

Dated:  March 16, 2020

Respectfully submitted,

By:  s/ *Maria A. Boelen*
George J. Tzanetopoulos
Maria A. Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
T: 312.416.6200
F: 312.416.6201
gtzanetopoulos@bakerlaw.com
mboelen@bakerlaw.com

Paul Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600
pkarlsgodt@bakerlaw.com

John P. Heil, Jr.
Emily J. Perkins
**HEYL, ROYSTER, VOELKER & ALLEN, P.C.**
P.O. Box 6199
300 Hamilton Blvd.
Peoria, IL 61601-6199
T: 309-676-0400
F: 309-676-3374
jheil@heylroyster.com
eperkins@heylroyster.com

*Attorneys for Defendant Hy-Vee, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I electronically filed the foregoing **Hy-Vee, Inc.'s Reply in Support of Its Motion to Dismiss Consolidated Second Amended Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following listed counsel:

| | |
|---|---|
| Ben Barnow<br>Erich P. Schork<br>Anthony Lee Parkhill<br>Barnow and Associates, P.C.<br>205 West Randolph Street, Suite 1630<br>Chicago, IL 60606<br>barnow@barnowlaw.com<br>e.schork@barnowlaw.com<br>aparkhill@barnowlaw.com<br><br>Benjamin F. Johns<br>Andrew W. Ferich<br>Alex M. Kashurba<br>Chimicles Schwartz Kriner & Donaldson-Smith LLP<br>361 W. Lancaster Avenue<br>Haverford, PA 19041<br>bfj@chimicles.com<br>awf@chimicles.com<br>amk@chimicles.com<br><br>*Interim Co-Lead Class Counsel* | William B. Federman<br>Federman & Sherwood<br>10205 N Pennsylvania Ave<br>Oklahoma City, OK 73120<br>wbf@federmanlaw.com<br><br>Cornelius P. Dukelow<br>Abington Cole & Ellery<br>320 S Boston Ave, Suite 1130<br>Tulsa, OK 74103<br>cdukelow@abingtonlaw.com<br><br>Shpetim Ademi<br>Ademi & O'Reilly LLP<br>3620 E Layton Ave.<br>Cudahy, WI 53110<br>sademi@ademilaw.com<br><br>*Plaintiffs' Steering Committee*<br><br>Kyle Alan Shamberg<br>Carlson Lynch, LLP<br>111 W. Washington Street, Suite 1240<br>Chicago, Illinois 60602<br>kshamberg@carlsonlynch.com<br><br>*Plaintiffs' Liaison Counsel* |

s/ _____

13