IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NOREEN PERDUE, ELIZABETH DAVIS-BERG, DUSTIN MURRAY, MELANIE SAVOIE, CHERYL ELLINGSON, ANGELA TRANG, HARLEY WILLIAMS, MARY WILLIAMS, GORDON GREWING, MELISSA WARD, and PATRICIA DAVIS, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>HY-VEE, INC.,<br><br>          Defendant. | ) CASE NO. 1:19-cv-01330-MMM-JEH<br>)<br>)<br>)<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

**STIPULATED ORDER GOVERNING
THE TAKING OF REMOTE DEPOSITIONS**

WHEREAS, the Coronavirus Disease 2019 ("COVID-19") continues to affect the operation of the judicial system and to limit the ability of individuals to travel and to congregate, *see In re: COVID-19 Public Emergency Amended General Order 20-01* of the Central District of Illinois;

WHEREAS, counsel for the Parties have conferred and agree to stipulate, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to Court approval, to the following terms governing the taking in this case of Remote Depositions (as that term is defined below):

**I.     GENERAL GUIDELINES AND SCOPE**

1.     This Stipulated Request for an Order Governing the Taking of Remote Depositions (the "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the

above-captioned matter as a supplement to the Federal Rules of Civil Procedure and this Court's Local Rules.

2. By agreeing to this Protocol, no Party waives the right to object to the deposition of a particular Witness (as defined below) being taken by remote means pursuant to Paragraph 10 below. This Protocol in no way constitutes an agreement by the Parties to take all depositions via remote means. It applies only to those depositions that the Parties have agreed to take remotely, or that the Court orders to be taken remotely pursuant to the terms set out in Paragraphs 8 to 10 below.

3. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure except to the extent those rules are specifically modified herein.

## II.   DEFINITIONS

4. "Defending Party" means the party that represents or has employed the Witness.

5. "Noticing Party" means the Party that noticed a Witness for a Remote Deposition pursuant to Federal Rule of Civil Procedure 30.

6. "Remote Deposition" means any deposition by oral examination conducted pursuant to Federal Rule of Civil Procedure 30 where all the participants—including attorneys, witnesses, court reporters, or videographers—are not physically present in the same location at the time the deposition is taken.

7. "Witness" means the person noticed for the taking of a Remote Deposition or designated to appear to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).

### III. AGREEING TO CONDUCT A DEPOSITION REMOTELY

8. Any Party may notice a Remote Deposition by stating their intention to take a deposition by remote means in their original notice of a deposition by oral examination pursuant to Federal Rule of Civil Procedure 30 or in an amended notice.

9. Other than those depositions which have previously been scheduled by agreement of the Parties, unless the Parties previously agreed in writing to a shorter time, a Party must serve notice of its intention to take a Remote Deposition no less than 14 days before the deposition is to occur.

10. If the Defending Party objects to the taking of the deposition by remote means, they must notify the Noticing Party, in writing, of the objection within five days of receiving the Noticing Party's notice of their intention to take a Remote Deposition. The Parties agree to promptly confer in good faith to attempt to resolve any such objection. If the Parties are unable to resolve any objection, the Noticing Party may, pursuant to Federal Rule of Civil Procedure 30(b)(4), file, within three days of the Parties' reaching an impasse, a motion with the Court seeking an order that the deposition be taken by remote means. The deposition may not take place until the Court resolves the motion.

### IV. THE TECHNOLOGY TO BE USED

11. The Parties agree to use a vendor to be agreed upon by the Parties.

12. The platform will be configured such that any private chat or breakout room features are disabled.

13. Counsel for Witnesses are permitted to hold private telephone calls and conference calls during breaks, provided they do not unreasonably delay the resumption of the deposition. They may also communicate with Witnesses during breaks, in accordance with the Federal Rules

of Civil Procedure and Seventh Circuit case law governing such communications during a deposition.

14.     The Noticing Party shall be responsible for arranging the taking of a Remote Deposition with the vendor and ensuring that email invitations to attend the deposition remotely are sent via the vendor to the Witness and participating attorneys. The Defending Party shall notify the Noticing Party of the email addresses of the Witness and participating attorneys no later than four days before the deposition.

15.     The Defending Party shall ensure that the Witness has access to technology that meets the minimum standards required by the platform, including but not limited to a computer with an internet speed of at least 1.5 Megabits per second; a webcam; and a phone, USB microphone, headphones with a microphone, or other technology sufficient to ensure the transmission of high-quality audio via the platform.

16.     Remote Depositions subject to this Protocol shall be recorded by stenographic and, if requested by the Noticing Party, audiovisual means by the vendor.

17.     Any costs associated with using the platform for a Remote Deposition or for the recording of such a deposition will be the responsibility of the Noticing Party.

V.    **EXHIBITS**

18.     All exhibits presented during a Remote Deposition shall be displayed using the platform's exhibit function.

19.     Exhibits used in depositions shall be sequentially numbered beginning with 0001.

VI.   **OATH OR AFFIRMATION**

20.     A Remote Deposition taken pursuant to this Protocol will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long

as that officer attends the deposition via the same remote means used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

21. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness's oath or affirmation may be administered remotely.

### VII.   MISCELLANEOUS PROVISIONS

22. All participants shall conduct a test of the platform with the technology they intend to use to participate in a Remote Deposition before the time at which a Remote Deposition is to begin.

23. The Witness shall enable both an audio and video connection when giving testimony through a Remote Deposition.

24. No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for a non-attorney who (i) is present solely for the purpose of providing technical assistance to the Witness in using the platform and (ii) is logged onto the platform with a video connection or is otherwise viewable by a camera at all times during the course of the Remote Deposition.

25. At the beginning of the Remote Deposition and after any break, every person logged onto the platform or otherwise viewing or listening to the Deposition must be identified for the record.

26. The Witness may not communicate with any person, except through the platform, during the taking of a Remote Deposition. This restriction does not apply to breaks or other recesses not on the record.

27. The Witness may not review or read any document, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties.

28. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If the Parties cannot agree on how to proceed, they may seek a telephone conference with the Court to resolve the dispute.

29. The Defending Party shall ensure that the Witness is made aware of and complies with all of the requirements in this Protocol.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 25, 2020

Respectfully submitted,

*/s/ Maria A. Boelen*
George J. Tzanetopoulos
Maria A. Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
(312) 416-6200
gtzanetopoulos@bakerlaw.com
mboelen@bakerlaw.com

Paul Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600
pkarlsgodt@bakerlaw.com

*Counsel for Defendant Hy-Vee, Inc.*

Respectfully submitted,

*/s/ Erich P. Schork*
Ben Barnow
Erich P. Schork
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph St., Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com

Benjamin F. Johns
Andrew W. Ferich
Alex M. Kashurba
**CHIMICLES SCHWARTZ KRINER**
 **& DONALDSON-SMITH LLP**

6

        One Haverford Centre
        361 Lancaster Avenue
        Haverford, PA 19041
        (610) 642-8500
        bfj@chimicles.com
        awf@chimicles.com
        amk@chimicles.com

*Interim Co-Lead Class Counsel*

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Fax: (405) 239-2112
WBF@federmanlaw.com

Cornelius P. Dukelow
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

Shpetim Ademi
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com

*Plaintiffs' Steering Committee*

7

Kyle Alan Shamberg
**CARLSON LYNCH LLP**
Suite 1240
111 W Washington Street
Chicago, IL 60602
312-750-1265
kshamberg@carlsonlynch.com

*Plaintiffs' Liaison Counsel*

Matthew M. Guiney
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
(212) 545-4600
Fax: (212) 686-0114
guiney@whafh.com

Carl Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
111 West Jackson
Suite 1700
Chicago, IL 60604
(312) 984-0000
malmstrom@whafh.com

*Additional Counsel for Plaintiffs and the Putative Class*

**IT IS SO ORDERED.**

June __26__, 2020

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge