E-FILED
Monday, 25 January, 2021  09:09:33 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| NOREEN PERDUE, ELIZABETH DAVIS-BERG, DUSTIN MURRAY, CHERYL ELLINGSON, ANGELA TRANG, GORDON GREWING, and MELISSA WARD individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HY-VEE, INC., )<br><br>Defendant. ) | Case No. 1:19-cv-01330-MMM-JEH |

**ORDER CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS
ACTION SETTLEMENT, APPROVING THE FORM AND MANNER
OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This cause is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting memorandum of law, the parties' Settlement Agreement dated January 12, 2021 (the "Settlement Agreement"), the proposed forms of notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is preliminarily certified, and the proposed Notice Plan is approved. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**.

**IT IS HEREBY ORDERED** as follows:

**Preliminary Approval of Settlement Agreement**

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.     This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Hy-Vee, Inc. ("Hy-Vee" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3.     The Court finds that the proposed Settlement with Hy-Vee set forth in the Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

**Provisional Certification of the Settlement Class**

4.     Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) ("Settlement Class"):

> All persons residing in the United States who used a payment card to make a purchase at an affected Hy-Vee point-of-sale device during the Security Incident, which as described in the definition of Security Incident occurred during the time frames and at the locations set forth in Exhibit C to the Settlement Agreement and Appendix A to the Publication Notice.

Excluded from the Settlement Class are (i) Hy-Vee and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at Hy-Vee during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

5.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rule of Civil Procedure 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d)      the claims of Plaintiffs are typical of those of Settlement Class Members;

(e)      common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)      Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)      settlement of the Actions on a class action basis is superior to other means of resolving this matter.

6.      The Court appoints Benjamin F. Johns, Andrew W. Ferich, and Alex M. Kashurba of Chimicles Schwartz Kriner & Donaldson-Smith LLP and Ben Barnow, Erich P. Schork, and Anthony L. Parkhill of Barnow and Associates, P.C. as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7.     The Court hereby appoints Plaintiffs Noreen Perdue, Elizabeth Davis-Berg, Dustin Murray, Cheryl Ellingson, Angela Trang, Gordon Grewing, and Melissa Ward to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

### Notice to Settlement Class Members

8.     The Court approves the proposed notices of settlement attached to the Settlement Agreement as Exhibits E-H (the "Settlement Notices"), and finds that the dissemination of the Notices substantially in the manner and form set forth by the Settlement and under the Claims Administrator's Notice Plan comply fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances. Non-material modifications to the Settlement Notices may be made without further order of the Court.

9.     The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances; are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement; and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.     The Claims Administrator is directed to carry out the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, the Claims Administrator shall

initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

11.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendant pursuant to the Settlement Agreement.

12.     The claim form attached to the Settlement Agreement satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class.  The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

### Responses by Class Members and the Scheduling of a Final Approval Hearing

13.     Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to ninety (90) days from the date on which the notice program commences.

14.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion  to the designated Post Office box established by the Claims Administrator on or before the close of the Opt-Out Deadline.  Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

15.     Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such

Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on  Monday July 19, 2021 at 10:00 am CST Courtroom 112 of the United States Courthouse, 100 N.E. Monroe Street, Peoria, Illinois.

17.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action.  Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named plaintiffs, shall also be heard at the time of the hearing.

18.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court.  Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

20.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement.  Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel, Hy-Vee's counsel, and the Court.

21.     Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel.  An objection shall include all information required by the Settlement Agreement, including the Objector's name, address, and telephone number, proof of class membership, and a detailed statement of each objection asserted, including the grounds for objection together with any documents such person wishes to be considered in support of the objection.  The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

22.     If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member and each Settlement Class member must have complied with the requirements of this Order.   No Objector may appear at the hearing unless the Objector indicates an intent to appear.

23.     Objections, along with any notices of intent to appear and any supporting documents, must be filed with the Clerk of the Court no later than ninety (90) days from the date on which the notice program commences.  These documents must be filed with the Clerk of the Court electronically or at the following address:

U.S. District Court for the Central District of Illinois
Office of the Clerk of Court
United States Courthouse, Room 305
100 N.E. Monroe Street
Peoria, IL 61602

24.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing.  Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

25.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

26.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

27.     Hy-Vee shall prepare and send, at Hy-Vee's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715.  Class Counsel and Counsel for Hy-Vee shall cooperate promptly and fully in the preparation of such notices, including providing Hy-Vee with any and all information in their possession necessary for the preparation of these notices.  Hy-Vee shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement.  Defendant shall provide notice to Class Counsel and the Court of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

28.     The schedule by which the events referenced above should occur is as follows:

| Event | Date |
|---|---|
| Hy-Vee provides CAFA notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| Hy-Vee provides notice to Class Counsel and the Court of compliance with CAFA requirements | Within 10 days of providing notice to Attorneys General under CAFA |
| Class notice program commences | Within 30 days after entry of this Preliminary Approval Order (February 22, 2021) |
| Compliance with CAFA waiting period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA notice |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be filed by Class Counsel | At least 30 days before the objection deadline (April 23, 2021) |
| Postmark deadline for requests for exclusion (Opt-Out) or objections | 90 days after commencement of notice program (May 24, 2021) |
| Postmark/filing deadline for filing claims | 120 days after commencement of notice program (June 22, 2021) |
| Motion for Final Approval to be filed by class counsel | At least 21 days before the Final Approval Hearing (June 28, 2021) |
| Final Approval Hearing | July 19, 2021 |

### Administration of the Settlement

29.     The Court hereby appoints the claims administrator proposed by the parties, Heffler Claims Group (the "Claims Administrator").  Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) determining validity of Claims in

accordance with the Settlement Agreement; and (f) distributing settlement checks to Settlement Class Members.  Pursuant to the Settlement Agreement, Defendant shall pay all related costs and expenses associated with the notice, claims, and settlement administration.  These payments to the Claims Administrator shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

30.    The Court hereby appoints the Claims Referee proposed by the parties, Benjamin Picker of Stradley Ronon Stevens and Young (the "Claims Referee").  The Claims Referee shall be responsible for deciding certain claims that may be rejected by the Claims Administrator, upon request of the Settlement Class Member submitting such Claims, as described in the Settlement Agreement.

## Claims Process and Distribution and Allocation Plan

31.    The parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form.  The Court preliminarily approves the plan for remuneration described in Section 2.3 of the Settlement Agreement and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.  The Court further orders that Worldpay, Inc. and Fidelity National Information Services release all information, including any payment card data needed, to the Claims Administrator necessary for the Claims Administrator to assess and determine the validity of claims.

32.    Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the notice and the Claim Form.  If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures

specified in the notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

## Additional Provisions

33.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect; Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendant and any other released party; and the Defendant and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Hy-Vee as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

35.     Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

36.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

**IT IS SO ORDERED.**

Dated: January 25, 2021

/s/ Michael M. Mihm
_____
Hon. Michael M. Mihm
United States District Judge

# HY-VEE SETTLEMENT CLAIM FORM

This Claim Form should be either filled out online or submitted by mail if you used a payment card to make a purchase at a Hy-Vee, Inc. ("Hy-Vee") fuel pump, drive-thru coffee shop, or restaurant (including Hy-Vee Market Grille Expresses, the Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at Hy-Vee's West Des Moines corporate office) during the time period specified for each location on the Settlement Website, and you had out-of-pocket expenses, fraudulent charges, lost time spent relating to, or unreimbursed extraordinary monetary losses as a result of the Hy-Vee Security Incident.  If you fill out this claim form and have a valid claim, you will be entitled to a check if the Settlement is approved.

The Settlement Notice describes your legal rights and options.  To obtain the Settlement Notice and find more information regarding your legal rights and options, please visit the official Settlement Website, [settlement website], or call toll-free [toll-free number].

If you wish to submit a claim for a settlement payment electronically, you may go online to the Settlement Website, [settlement website], and follow the instructions on the "Submit a Claim" page.

If you wish to submit a claim for a settlement payment via standard mail, you need to provide the information requested below and mail this Claim Form to *Perdue, et al. v. Hy-Vee, Inc.*, [claims administrator name and address], postmarked by June 22, 2021.  Please print clearly in blue or black ink.

1.  **CLASS MEMBER INFORMATION**

*Required Information:*

First: _____   M: _____   Last: _____

Address 1: _____

Address 2: _____

City: _____   State: _____   ZIP: _____

Country: _____

Phone: _____

*Optional Information:*

Email: _____

2.  **PAYMENT ELIGIBILITY INFORMATION**

To prepare for this section of the Claim Form, please review the Settlement Notice and Sections 2.1 through 2.3 of the Settlement Agreement (available for download at [settlement website]) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

To help us determine if you are entitled to a settlement payment, please provide as much information as reasonably possible.

## A. Verification of Class Membership

You are only eligible to file a claim if you used a credit or debit card at an affected Hy-Vee location during the time of the Hy-Vee Security Incident.  The affected dates vary by location and you are only eligible to submit a claim if you used a credit or debit card at an affected Hy-Vee location during that location's exposure window.  Go to the Settlement Website, [settlement website], **or click here** to see a list of affected locations and each location's affected time period.  Payments made inside convenience stores; at front-end checkout lanes, pharmacies, customer service counters, wine & spirits locations, floral departments, clinics, and all other food service areas; and through Aisles Online were not affected.

By submitting a claim and signing the certification below, you are verifying that you used a credit or debit card at a Hy-Vee affected location during the time specified for each location.

In addition, to allow the Settlement Administrator to confirm your membership in the Class, you must provide a response to **ONE** of the following:

(1) If you received notice of the settlement by email or postcard, in the boxes provided below, please provide the unique Claim ID from that notice:

**CLAIM ID** [ADMINISTRATOR TO INSERT BOXES TO CONFORM TO NUMBER OF DIGITS IN CLAIMID]

**OR**

(2) To the best of your recollection, in the boxes provided below, please provide the first four and last four digits of each credit or debit card that you used at a Hy-Vee affected location during the time specified for each location on the Settlement Website.  For each credit or debit card number, provide the location of the Hy-Vee fuel pump, drive-thru coffee shop, or restaurant at which you used the credit or debit card and the date(s) of the transaction(s).

**FIRST FOUR DIGITS**
**LAST FOUR DIGITS** [SETTLEMENT ADMINISTRATOR TO ADD BOXES]

**OR**

(2) Attach and identify the documentation that reflects your use of a payment card at an affected Hy-Vee fuel pump, drive-thru coffee shop, or restaurant during the Security Incident.  Please note that the documentation must reflect the use of a payment card, the location of the fuel pump, drive-thru coffee shop, or restaurant, and the date of the transaction.

**UPLOAD DOCUMENT** [SETTLEMENT ADMINISTRATOR TO ADD]

## B. Out-Of-Pocket Expenses

Check the box for each category of out-of-pocket expenses, fraudulent charges, or lost time that you incurred as a result of the Hy-Vee Security Incident.  Please be sure to fill in the total amount you are claiming for each category and attach the required documentation as described in **bold type** (if you are asked to provide account statements as part of required proof for any part of your claim, you should redact unrelated transactions and all but the first four and last four digits of any account number, if you wish).  Please round total amounts to the nearest dollar.

I. Ordinary Expenses Resulting from the Hy-Vee Security Incident

☐ Fees or other charges from your bank or credit card company due to fraudulent activity on your card incurred between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

Examples: Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.

**[UPLOAD DOCUMENTS] Required: A copy of a bank of credit card statement or other proof of claimed fees or charges (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐ Fees or other charges relating to the reissuance of your credit or debit card incurred between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

Examples: Fees that your bank charged you because you requested a new credit or debit card.

**[UPLOAD DOCUMENTS] Required: Attach a copy of a bank or credit card statement or other receipt showing these fees or charges (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐ Fees relating to your account being frozen or unavailable incurred between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

Examples: You were charged interest by a payday lender due to card cancellation or due to an over-limit situation.  You had to pay a fee for a money order or other form of alternative payment because you could not use your debit or credit card.

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐  Other incidental telephone, internet, or postage expenses directly related to the Hy-Vee Security Incident incurred between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

Examples: Long distance phone charges, cell phone charges (only if charged by the minute), or data charges (only if charged based on the amount of data used).

**[UPLOAD DOCUMENTS] Required: Attach a copy of the bill from your telephone company, mobile phone company, or internet service provider that shows the charges (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐  Credit Reports or credit monitoring charges purchased between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

To obtain reimbursement under this category, you must attest to the following:

☐  I purchased credit reports between December 14, 2018 and the Claims Deadline, primarily due to the Security Incident and not for other purposes.

| DATE | COST |
|---|---|
|  |  |
|  |  |

Examples: The cost of a credit report(s) that you purchased after hearing about the Security Incident.

**[UPLOAD DOCUMENT] Required: Attach a copy of a receipt or other proof of purchase for each product purchased (you should redact unrelated transactions).  If you made the purchase prior to August 14, 2019, you must also identify a fraudulent charge associated with the Hy-Vee Security Incident (i.e., made to an affected account after December 14, 2018 but prior to your purchase) that prompted you to make the purchase.**

☐ Between one (1) and three (3) hours of documented time spent dealing with replacement card issues or in reversing fraudulent charges between December 14, 2018 and the Claims Deadline that occurred as a result of the Hy-Vee Security Incident (round to the nearest hour and check only one box).

☐ 1 Hour                ☐ 2 Hours                ☐ 3 Hours

Examples: You spent at least one (1) full hour calling customer service lines, writing letters or emails, or on the internet to get fraudulent charges reversed, in updating automatic payment programs because your card number changed, or in researching the matter.  Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total number of hours claimed.

**Required: If time was spent on the telephone or online, describe what you did in the space below or attach a copy of any letters or emails that you wrote.  Examples: If the time was spent trying to reverse fraudulent charges, describe what you did.  If the time was spent updating accounts due to your card being reissued, identify the other accounts that had to be updated.**

_____

_____

_____

_____

## II. Reimbursed Fraudulent Charges

☐ Did you also have fraudulent charges to a credit or debit card account that were reversed or repaid?  If so, in addition to your out-of-pocket expenses, you are eligible to claim a $20 cash payment for each debit or credit card on which fraudulent charges were made and reversed or repaid, to compensate for lost time associated with seeking reimbursement for the fraud.  (_See_ Section 2.1 of the Settlement Agreement.)

| FIRST FOUR AND LAST FOUR DIGITS OF CARD | DATE CHARGES REVERSED (ONLY 1 PER CARD REQUIRED) |
|---|---|
|  |  |
|  |  |

**[UPLOAD DOCUMENTS] Required: For each card, provide a card statement or other documentation showing (1) one or more fraudulent charges were posted to your account that you believe were caused by the Hy-Vee Security Incident, and (2) the charges were later reversed or reimbursed by the bank or credit card company (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

## III. Extraordinary Expenses

If you have expenses related to the Security Incident that are more than the value or different than the type of ordinary expenses covered in the categories in Sections I and II above, you may be entitled to

compensation for your extraordinary expenses.  To obtain reimbursement under this category, you must attest to the following:

☐ I incurred out-of-pocket unreimbursed expenses that occurred more likely than not as a result of the Security Incident during the time period from December 14, 2018 through the end of the Claims Deadline other than those expenses covered by one or more of the categories above, and I made reasonable efforts to avoid or seek reimbursement for the loss, including exhausting all available credit monitoring insurance and identity theft insurance.

☐ Unreimbursed fraudulent charges incurred between December 14, 2018 and the Claims Deadline due to the Hy-Vee Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

Examples: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company, charges to a credit or debit card issued in a foreign country where financial institutions are not required to reimburse cardholders for fraudulent credit or debit card charges.  *Note: most banks are required to reimburse customer in full for fraudulent charges on payment cards that they issue.*

**[UPLOAD DOCUMENTS] Required: The bank statement or other documentation reflecting the fraudulent charges, as well as documentation reflecting the fact that the charge was fraudulent (you should redact unrelated transactions and all but the first four and last four digits of any account number).  If you do not have anything in writing reflecting the fact that the charge was fraudulent (e.g., communications with your bank or a police report), please identify the approximate date that you reported the fraudulent charge, to whom you reported it, and the response.**

Date reported: _____

Description of the person(s) to whom you reported the fraud: _____

_____

_____

☐ Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.

☐ Other unreimbursed out-of-pocket expenses that were incurred between December 14, 2018 and the Claims Deadline as a result of the Hy-Vee Security Incident that are not accounted for in your response above.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |

|  |  |  |
|--|--|--|
|  |  |  |

Examples: This category includes any other unreimbursed expenses or charges that are not otherwise accounted for in your answers to the questions above, including any expenses or charges that you believe were the result of an act of identity theft.  This category also includes documented time spent dealing with replacement card issues or in reversing fraudulent charges between December 14, 2018 and the Claims Deadline that you incurred in excess of five hours as a result of the Hy-Vee Security Incident, compensated at the same rate and in the same manner as described above, although you will need to prove that you spent the time on issues related to the security incident through documentation.

**[UPLOAD DOCUMENTS] Required: Describe the expense and provide as much detail as possible about the date you incurred the expense(s) and the company or person to whom you had to pay it.  Please provide copies of any receipts, police reports, or other documentation supporting your claim.  For claims of reimbursement for lost time in excess of five hours, you must provide actual documentation reflecting the amount of time you spent dealing with replacement card issues or in reversing fraudulent charges sufficient to prove how much time was spent, on what, and that the time was spent on issues related to the Hy-Vee Security Incident.  The Settlement Administrator may contact you for additional information before processing your claim.**

_____
_____
_____
_____

☐ Check this box to confirm that you have exhausted all credit monitoring insurance and identity theft insurance you might have for these out-of-pocket expenses before submitting this Claim Form.

## C.  Certification

I declare under penalty of perjury under the laws of the United States and the State of _____ that the information supplied in this Claim Form by the undersigned is true and correct to the best of my belief and recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

Signature: _____

Print Name: _____  Date: _____

## D.  Submission Instructions

Once you have completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by June 22, 2021.

*Perdue, et al. v. Hy-Vee, Inc.*
[Hy-Vee Claims Administrator
PO Box XXXXX
City, State zip code]

**If you made a purchase at a Hy-Vee fuel pump, drive-thru coffee shop, or restaurant using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.**

A Settlement has been reached with Hy-Vee, Inc. ("Hy-Vee") in a class action lawsuit about a data security incident that occurred between December 14, 2018 and August 2, 2019 and potentially exposed payment card data of customers. The lawsuit claims Hy-Vee was responsible for the Security Incident because Hy-Vee did not take appropriate care to protect its payment card systems from hacking. Hy-Vee denies the claims and denies any wrongdoing.

### Who Is Included?

Hy-Vee records show you are a likely member of the Settlement Class. The Settlement includes all persons residing in the United States who used a credit, debit, or other payment card to make a purchase at an affected Hy-Vee fuel pump, drive-thru coffee shop, or restaurant, including Hy-Vee Market Grille Expresses, Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at Hy-Vee's West Des Moines corporate office.

The dates card data was at risk vary by location. A list of affected locations and dates is available on the website.

### What Can I Get?

The Settlement will reimburse people who submit claims for:

(1) Out-of-pocket expenses and documented lost time that resulted from the Security Incident **up to $225**; and

(2) Extraordinary expenses **up to $5,000** that were likely caused by the Security Incident.

You must file a Claim Form by June 22, 2021 to get any money from the Settlement.

As part of the Settlement, Hy-Vee has also committed to establish and maintain security enhancements that are estimated to cost more than $20 million.

### What are my rights?

**Do Nothing.** You will be legally bound by decisions of the Court and you give up the right to sue Hy-Vee for the claims in this case.

**Exclude Yourself.** If you exclude yourself, you are not be legally bound by the Settlement and you keep your right to sue. However, you will not get any money.  You must submit your exclusion by May 24, 2021.

**Object.** You can stay in the Settlement and tell the Court why you do not like the Settlement. Objections must be submitted by May 24, 2021. Detailed instructions on how to exclude yourself or object to the Settlement are found in the long notice on the website or by calling **000-000-0000**.

### When Will the Court Approve the Settlement?

The Court will hold a Fairness Hearing on July 19**,** 2021 at 10:00 a.m. at the United States District Court for the Central District of Illinois located at U.S. Courthouse, 100 N.E. Monroe Street, Peoria, IL 61602, to consider whether to approve the settlement. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for attorneys' fees, costs, and expenses of $739,000 and an incentive award of $2,000 for each of the Representative Plaintiffs. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The Motion for attorneys' fees and costs will be posted on the website after it is filed with the Court.

***This is only a summary***. For detailed information visit **www.SettlementURL.com** or call **1-000-000-0000**. You may contact the Settlement Administrator at Hy-Vee Settlement, c/o Settlement Administrator, PO Box 0000, Philadelphia PA 19102-0000.

**www.SettlementURL.com**

**1-000-000-0000**

**If you made a purchase at a Hy-Vee fuel pump, drive-thru coffee shop, or restaurant using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.**

A Settlement has been reached with Hy-Vee, Inc. ("Hy-Vee") in a class action lawsuit about a data security incident that occurred between December 14, 2018 and August 2, 2019 and potentially exposed payment card data of customers. The lawsuit claims Hy-Vee was responsible for the Security Incident because Hy-Vee did not take appropriate care to protect its payment card systems from hacking. Hy-Vee denies the claims and denies any wrongdoing.

**Who Is Included?**

Hy-Vee records show you are a likely member of the Settlement Class. The Settlement includes all persons residing in the United States who used a credit, debit, or other payment card to make a purchase at an affected Hy-Vee fuel pump, drive-thru coffee shop, or restaurant, including the cafeteria at Hy-Vee Market Grille Expresses, Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at Hy-Vee's West Des Moines corporate office.

The dates card data was at risk vary by location. A list of affected locations and dates is available on the website.

**What Can I Get?**

The Settlement will reimburse people who submit claims for:

(1) <u>Out-of-pocket expenses</u> and documented lost time that resulted from the Security Incident **up to $225**; and

(2)  <u>Extraordinary expenses</u> **up to $5,000** that were likely caused by the Security Incident.

You must file a Claim Form by June 21, 2021, to get any money from the Settlement.

As part of the Settlement, Hy-Vee has also committed to establish and maintain security enhancements that are estimated to cost more than $20 million.

**What are my rights?**

**<u>Do Nothing.</u>** You will be legally bound by decisions of the Court and you give up the right to sue Hy-Vee for the claims in this case.

**<u>Exclude Yourself.</u>** If you exclude yourself, you are not be legally bound by the Settlement and you keep your right to sue. However, you will not get any money.  You must submit your exclusion by May 24, 2021.

**Object.** You can stay in the Settlement and tell the Court why you do not like the Settlement. Objections must be submitted by May 24, 2021. Detailed instructions on how to exclude yourself or object to the Settlement are found in the long notice on the website or by calling **000-000-0000**.

### When Will the Court Approve the Settlement?

The Court will hold a Fairness Hearing on July 19, 2021 at 10:00 a.m. at the United States District Court for the Central District of Illinois located at U.S. Courthouse, 100 N.E. Monroe Street, Peoria, IL 61602, to consider whether to approve the settlement. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for attorneys' fees, costs, and expenses of $739,000 and an incentive award of $2,000 for each of the Representative Plaintiffs. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The Motion for attorneys' fees and costs will be posted on the website after it is filed with the Court.

***This is only a summary***. For detailed information visit **www.SettlementURL.com** or call **1-000-000-0000**. You may contact the Settlement Administrator at Hy-Vee Settlement, c/o Settlement Administrator, PO Box 0000, Philadelphia PA 19102-0000.

**www.SettlementURL.com**

**1-000-000-0000**

# If You Made a Purchase at a Hy-Vee Fuel Pump, Drive-Thru Coffee Shop, or Restaurant Using a Credit or Debit Card Between December 14, 2018 and August 2, 2019, You May be Eligible for Payments from a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached with Hy-Vee, Inc. ("Hy-Vee") in a class action lawsuit about a cyber-attack against Hy-Vee, which resulted from criminals accessing its computer systems between December 14, 2018 and August 2, 2019 (the "Security Incident"). The Security Incident potentially resulted in unauthorized access to customer payment card data and other personally identifying information.

The Security Incident involved the insertion of malicious computer code that targeted data in the magnetic stripe of credit, debit, and other payment cards swiped at certain Hy-Vee fuel pumps, drive-thru coffee shops, and restaurants, including Hy-Vee Market Grille Expresses, the Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at Hy Vee's West Des Moines corporate office. For a list of the specific dates during which data was at risk on a location-by-location basis, go to www.XXXXXXXXX.com.

Visit the website or call 1-XXX-XXX-XXXX to get a Detailed Notice with more information about the Settlement.

### WHAT IS THIS ABOUT?

The lawsuit claims Hy-Vee was responsible for the Security Incident because Hy-Vee did not take appropriate care to protect its payment card systems from hacking. The lawsuit seeks compensation for people who used their payment cards at a Hy-Vee location during the period of the Security Incident and had losses as a result.

Hy-Vee denies all of the claims and says it did not do anything wrong.

### WHO IS INCLUDED?

You are included in the Settlement if you made a purchase using a credit, debit, or other payment card at a Hy-Vee fuel pump, drive-thru coffee shop, or restaurant while payment card data at the location was at risk. The time frame of the incident is generally from December 14, 2018 through August 2, 2019, although the specific dates during which data was at risk vary on a location-by-location basis.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides three types of payments to people who submit valid claims.

(1) Reimbursement of up to $225 for out-of-pocket expenses and documented lost time that resulted from the Security Incident. **This payment type provides reimbursement related to 14 categories of out-of-pocket expenses and lost time including unreimbursed bank fees, card reissuance fees, overdraft fees, postage and credit reports.** The Detailed Notice has the complete list of categories.

(2) $20 for *each* credit or debit card that had fraudulent charges as a result of the Security Incident, even though those charges were reversed or credited back to your account.

(3) Reimbursement of up to $5,000 for extraordinary unreimbursed monetary losses which were more likely than not caused by the Security Incident.

As part of the Settlement, Hy-Vee has also committed to establish and maintain security enhancements that are estimated to cost more than $20 million.

### HOW DO YOU ASK FOR A PAYMENT?

To get a payment you must submit a claim. To get a Claim Form, visit the website or call 1-XXX-XXX-XXXX. The claim deadline is June 22, 2021.

### YOUR OTHER OPTIONS

If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by May 24, 2021, or you will not be able to sue, or continue to sue, Hy-Vee about the legal claims this Settlement resolves, ever again. If you stay in the Settlement Class, you may object to it by May 24, 2021. The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Perdue, et al. v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-MMM, on July 19, 2021 at 10 a.m. to consider whether to approve the Settlement, and a request by Class Counsel for attorneys' fees and costs of $739,000 and incentive awards of $2,000 for each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

www. XXXXXXXXX.com                    1- XXX-XXX-XXXX

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

# If you made a purchase at a Hy-Vee fuel pump, drive-thru coffee shop, or restaurant using a credit, debit, or other payment card between December 14, 2018 and August 2, 2018, you may be eligible for a payment from a class action settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been reached with Hy-Vee, Inc. ("Hy-Vee") in a class action lawsuit about a data security incident that occurred between December 14, 2018 and August 2, 2019.

- Hy-Vee was the target of a cyber-attack in which criminals accessed Hy-Vee's computer systems (the "Security Incident") that potentially resulted in unauthorized access to customer payment data, including card number, expiration date, internal verification code, and sometimes cardholder name.  This lawsuit was filed asserting claims against Hy-Vee relating to the Security Incident.

- Certain Hy-Vee fuel pumps, drive-thru coffee shops, and restaurants were affected by the Security Incident, including Hy-Vee Market Grille Expresses, Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at Hy-Vee's West Des Moines corporate office.

- The Settlement includes all persons residing in the United States who used a credit, debit, or other payment card to make a point-of-sale purchase at an affected Hy-Vee fuel pump, drive-thru coffee shop, or restaurant.  The dates payment card data was at risk vary by location. Details are found in Appendix A of this notice and are also available on the website.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and plausibly arose from the Security Incident and for other extraordinary unreimbursed monetary losses.

**Your legal rights are affected even if you do nothing.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | The only way to get a payment.<br>You must submit a claim by June 22, 2021. |
| **Ask to be Excluded** | Get no payment.  This option that allows you to sue Hy-Vee over the claims resolved by this Settlement.<br>You must exclude yourself by May 24, 2021. |
| **Object** | Write to the Court about why you do not like the Settlement.<br>You must object by May 24, 2021. |
| **Do Nothing** | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement.  Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

**Questions?  Call [toll-free number] or visit [settlement website]**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .................................................................................................**Page 3**
1.  Why was this Notice issued?
2.  What is this lawsuit about?
3.  Why is this lawsuit a class action?
4.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ...............................................................................**Page 3**
5.  How do I know if I am included in the Settlement?
6.  What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................................**Page 4**
7.  What does the Settlement provide?
8.  What payments are available for Expense Reimbursement?
9.  What payments are available for Extraordinary Expense Reimbursement?

**HOW TO GET BENEFITS** ...............................................................................................**Page 6**
10. How do I get benefits?
11. How will claims be decided?

**REMAINING IN THE SETTLEMENT**...........................................................................**Page 6**
12. Do I need to do anything to remain in the Settlement?
13. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..............................................**Page 7**
14. If I exclude myself, can I get a payment from this Settlement?
15. If I do not exclude myself, can I sue Hy-Vee for the same thing later?
16. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** .......................................................................**Page 7**
17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**..........................................................................**Page 8**
19. How do I tell the Court that I do not like the Settlement?
20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**..........................................................................**Page 9**
21. When and where will the Court decide whether to approve the Settlement?
22. Do I have to attend the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................................................................**Page 10**
24. What happens if I do nothing?

**GETTING MORE INFORMATION**..............................................................................**Page 10**
25. How do I get more information?

**Questions?  Call [toll-free number] or visit [settlement website]**

2

# BASIC INFORMATION

## 1. Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement.  This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge Michael M. Mihm of the United States District Court for the Central District of Illinois is overseeing this case.  The case is known as *Perdue, et al. v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-MMM.  The persons who sued are called the Plaintiffs.  Hy-Vee is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that Hy-Vee was responsible for the Security Incident that occurred and asserts claims such as: breach of implied contract, negligence, and violation of the Illinois, Iowa, Kansas, Minnesota, and Missouri consumer protection statutes.  The lawsuit seeks compensation for people who had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the Security Incident.

Hy-Vee denies all of the Plaintiffs' claims and says it did not do anything wrong.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims.  All of these people together are the "Class" or "Class Members."  In this case, the Representative Plaintiffs are Noreen Perdue, Elizabeth Davis-Berg, Dustin Murray, Cheryl Ellingson, Angela Trang, Gordon Grewing, and Melissa Ward.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation.  The Representative Plaintiffs and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members.  The Settlement does not mean that Hy-Vee did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am included in the Settlement?

If you received a notice by postcard or email about the Settlement, you are probably a member of the Settlement Class.  You are also included in the Settlement Class if you reside in the United States and used a credit, debit, or other payment card to make a point-of-sale purchase at an affected Hy-Vee fuel pump, drive-thru coffee shop, or restaurant (including Hy-Vee Market Grille Expresses, the Wahlburgers locations owned and operated by Hy-Vee, and the cafeteria at

Questions?  Call [toll-free number] or visit [settlement website]

3

Hy-Vee's West Des Moines corporate office) while payment card data at the location was at risk, and you had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the Hy-Vee Security Incident. The time frame of the incident is generally from December 14, 2018 through August 2, 2019, although the specific dates during which data was at risk vary on a location-by-location basis. Payments made inside convenience stores; at front-end checkout lanes, pharmacies, customer service counters, wine & spirits locations, floral departments, clinics, and all other food service areas; and through Aisles Online were not affected. To determine whether your store was at risk and whether you are potentially entitled to submit a claim, please see the spreadsheet attached to this notice as Appendix A or look up your store on the settlement website.

Specifically excluded from the Settlement Class are: (i) Hy-Vee and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at Hy-Vee during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* (a no-contest plea, while not technically a guilty plea, has the same immediate effect as a guilty plea and is often offered as part of a plea bargain) to any such charge.

### 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call [toll-free number] with questions or visit [settlement website]. You may also write with questions to *Perdue, et al. v. Hy-Vee, Inc.*, [claims administrator name and address]. Please do not contact the Court with questions.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

The Settlement will provide payments to people who submit valid claims. As part of the Settlement, Hy-Vee has also committed to establish and maintain security enhancements that are estimated to cost more than $20 million.

There are two types of payments that are available:

    (1) Expense Reimbursement (Question 8) and

    (2) Extraordinary Expense Reimbursement (Question 9).

You may submit a claim for either or both types of payments. You must also provide proof of your class membership in the form of either the first four and last four digits of the number associated with the credit or debit card you claim to have used at an affected Hy-Vee location or a document or documents reflecting your use of a payment card at an affected Hy-Vee location during the Security Incident, which could include, for example, a receipt from the affected Hy-Vee location reflecting payment by a payment card, a payment card statement or bill, or notification from a bank or financial institution stating that the payment card was compromised

during the Security Incident.  To claim each type of payment, you must provide related documentation or a narrative explanation with the Claim Form.

### 8.  What payments are available for Expense Reimbursement?

Class Members are eligible to receive reimbursement of up to $225 (in total) for the following categories of out-pocket expenses resulting from the Security Incident:

- unreimbursed bank fees;
- unreimbursed card reissuance fees;
- unreimbursed overdraft fees;
- unreimbursed charges related to unavailability of funds;
- unreimbursed late fees;
- unreimbursed over-limit fees;
- long distance telephone charges;
- cell minutes (if charged by minute) and text messages (if charged by the message);
- internet usage charges (if charged by the minute or by the amount of data usage);
- unreimbursed charges from banks or credit card companies;
- postage;
- interest on payday loans due to card cancelation or due to over-limit situation;
- costs of credit report(s);
- costs of credit monitoring and identity theft protection;
- reimbursement of up to three (3) hours of documented lost time (at $20 per hour) spent dealing with replacement card issues or in reversing fraudulent charges (only if at least one full hour was spent and if it can be documented with reasonable specificity);
- and an additional $20 payment for each credit or debit card on which documented fraudulent charges were incurred that were later reimbursed.

### 9.  What payments are available for Extraordinary Expense Reimbursement?

Class Members who had other extraordinary unreimbursed monetary losses because of information compromised as part of the Security Incident are eligible to make a claim for reimbursement of up to $5,000.  As part of the claim, the Class Member must show that:

(1) it is an actual, documented, and unreimbursed monetary loss;

(2) the loss was more likely than not caused by the Security Incident;

(3) the loss occurred during the time period from December 14, 2018 through and including the end of the Claims Deadline;

(4) the loss is not already covered by one or more of the categories in Question 8; and

(5) a reasonable effort was made to avoid or seek reimbursement for the loss (including exhaustion of all available credit monitoring insurance and identity theft insurance).

Provided the following requirements are satisfied, an example of an unreimbursed monetary loss that may qualify for reimbursement under this provision is a fraudulent charge made on your credit

or debit card account and that was not reversed or repaid even though you reported it to your bank or credit card company, including a fraudulent charge to a credit or debit card issued in a foreign country where financial institutions are not required to reimburse cardholders for fraudulent credit or debit card charges.  More details are provided in the Settlement Agreement, which is available at [settlement website].

# HOW TO GET BENEFITS

## 10.  How do I get benefits?

You must complete and submit a Claim Form to ask for a payment from the Settlement.  Claim Forms are available at [settlement website], or you may request one by mail by calling [toll-free number].  Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than June 22, 2021, to:

*Perdue, et al. v. Hy-Vee, Inc.*
[Hy-Vee Claims Administrator
PO Box XXXXX
City, State zip code]

## 11.  How will claims be decided?

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid.  The Claims Administrator may require additional information from any claimant.  If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial Claim Referee who has been appointed by the Court.

# REMAINING IN THE SETTLEMENT

## 12.  Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you must submit a Claim Form if you want a payment.  Claim Forms must be submitted postmarked by June 22, 2021.

## 13.  What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue Hy-Vee for the claims being resolved by this Settlement.  The specific claims you are giving up against Hy-Vee are described in Section 1.20 of the Settlement Agreement.  You will be "releasing" Hy-Vee and all related people or entities as described in Section 6 of the Settlement Agreement.  The Settlement Agreement is available at [settlement website].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the law firms listed in Question 17 for free or

you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement but you want to keep the right to sue Hy-Vee about issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class.

**14.  If I exclude myself, can I get a payment from this Settlement?**

No.  If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

**15.  If I do not exclude myself, can I sue Hy-Vee for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Hy-Vee for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form to ask for a payment.

**16.  How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Perdue, et al. v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-MMM.  Include your name, address, and signature. You must mail your Exclusion Request postmarked by May 24, 2021, to:

Hy-Vee Settlement Exclusions
[PO Box XXXXX
City, State zip code]

## THE LAWYERS REPRESENTING YOU

**17.  Do I have a lawyer in this case?**

Yes.  The Court appointed the following lawyers as "Class Counsel":

| | |
|---|---|
| Benjamin F. Johns | Ben Barnow |
| Andrew W. Ferich | Erich P. Schork |
| Alex M. Kashurba | Anthony L. Parkhill |
| Chimicles Schwartz Kriner & | Barnow and Associates, P.C. |
| Donaldson-Smith LLP | 205 W. Randolph St. |
| 361 W. Lancaster Avenue | Suite 1630 |
| Haverford, Pennsylvania 19041 | Chicago, Illinois 60606 |

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.  How will the lawyers be paid?**

Class Counsel will request the Court's approval of an award for attorneys' fees, costs, and expenses not to exceed $739,000.  Class Counsel will also request approval of an incentive award of $2,000 for each of the Representative Plaintiffs.  Any amount that the Court awards for attorneys' fees, costs, and expenses and incentive awards will be paid separately by Hy-Vee and will not reduce the amount of payments to Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.  How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you do not like it or some part of it.  The Court will consider your views.  To do so, you must file a written objection in this case, *Perdue, et al. v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-MMM, with the Clerk of the Court at the address below.

Your objection must include all of the following:

- your full name, address, telephone number, and e-mail address (if any);

- information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class, which is described in response to question number 7;

- a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable;

- the identity of all counsel representing you, if any, in connection with your objection;

- the identity of all counsel representing you who will appear at the Final Fairness Hearing;

- a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

- a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing;

- your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

- a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years;

- a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and

- a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or representative plaintiff.

Your objection must be **<u>postmarked</u>** to the Clerk of the Court for the United States District Court for the Central District of Illinois no later than May 24, 2021.

In addition, you must **mail** a copy of your objection to each of the parties below, postmarked no later than May 24, 2021:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Office of the Clerk<br>United States District Court<br>Central District of Illinois<br>305 U.S. Courthouse<br>100 N.E. Monroe Street<br>Peoria, IL 61602 | Benjamin F. Johns<br>Chimicles Schwartz Kriner &<br>Donaldson-Smith LLP<br>One Haverford Centre<br>361 Lancaster Avenue<br>Haverford, PA 19041 | Paul G. Karlsgodt<br>Baker & Hostetler LLP<br>1801 California Street<br>Suite 4400<br>Denver, CO 80202 |

## 20.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved.  You can object only if you do not exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement.

## 21.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on July 19, 2021, at the United States District Court for the Central District of Illinois located at U.S. Courthouse, 100 N.E. Monroe Street, Peoria, IL 61602.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check [settlement website] or call [toll-free number].

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made.  The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for an incentive award for the Representative Plaintiffs.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

## 22.  Do I have to attend the hearing?

No.  Class Counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 19, the Court will consider it.

| **23.   May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file an objection according to the instructions in Question 19, including all the information required by items (v), (vi), and (vii).  Your Objection must be **filed** with the Clerk of the Court for the United States District Court for the Central District of Illinois no later than May 24, 2021.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 19, postmarked no later than May 24, 2021.

## IF YOU DO NOTHING

| **24.   What happens if I do nothing?** |
|---|

If you do nothing, you will get no benefits from this Settlement.  Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Hy-Vee about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| **25.   How do I get more information?** |
|---|

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement at [settlement website].  You may also write with questions to [Hy-Vee Claims Administrator, PO Box XXXXX, City, State Zip].  You can also get a Claim Form at the website or by calling the toll-free number, [toll-free number].