IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NOREEN PERDUE, ELIZABETH DAVIS-BERG, DUSTIN MURRAY, CHERYL ELLINGSON, ANGELA TRANG, GORDON GREWING, and MELISSA WARD, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HY-VEE, INC.,<br><br>Defendant. | Case No. 19-1330 |

**ORDER AND OPINION GRANTING FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Noreen Perdue, Elizabeth Davis-Berg, Dustin Murray, Cheryl Ellingson, Angela Trang, Gordon Grewing, and Melissa Ward (hereinafter "Plaintiffs") and Defendant Hy-Vee, Inc. (hereinafter "Defendant"), as fair, reasonable, and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding service awards to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees and costs, and service awards to the Plaintiffs and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

On January 25, 2021, the Court entered a Preliminary Approval Order, which among other things: (a) conditionally certified this matter as a class action, including defining the class and class

1

claims, appointing Plaintiffs as Class Representatives, and appointing Proposed Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

On January 22, 2021, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing.

On July 19, 2021, the Court held a Final Fairness Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of Service Awards to the Representative Plaintiffs.

The Court received one objection [66] expressing concern about credit monitoring not being offered as part of the settlement agreement. At the hearing, Counsel represented the objection was based on a misapprehension of the settlement and that class members could file a claim seeking reimbursement for credit monitoring. Counsel further represented that while prices for

credit monitoring vary, there would be options available for class members to sign up for a year or two of monitoring that fell under the $225 cap on recovery. Accordingly, the Court overruled the objection.

The Court further had concerns about the amount of attorneys' fees compared to the overall relief for class members. In determining attorneys' fee awards in class action, an expected payout to class members of less than the attorneys' fees cast some doubt on the appropriateness of the fees. *In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*, 867 F.3d 791 (7th Cir. 2017). That rule, however, is not absolute, and *In re Sears*, the Seventh Circuit approved attorney's fees in excess of the benefits to class because counsel devoted extensive time and effort to a difficult case. *Id*.

Here, class members could seek reimbursement of up to $225 for ordinary expenses and up to $5,000 for ordinary expenses. Counsel estimated that nearly 6,000 class members filed claims for a total of approximately $600,000, but that it was not yet clear how many of the claims would be approved. The Court expressed concern the class might just receive a fraction of the amount they requested, and that Counsel would receive substantially higher fees than the total class payout. In response to the Court's concerns, Counsel argued that they negotiated significant benefits for class members in the form the injunctive relief regarding the various security updates that Defendant agreed to make. In the Settlement Agreement, the parties agreed the cost of the security upgrades were over $20 million. Accordingly, Counsel disagreed with the Court's assessment that Class Counsel would receive more in fees than the class members would receive in benefits. The Court, however, had reservations about whether the security upgrades were strictly a result of this case since the Settlement Agreement suggests that Defendant had already begun to make significant security upgrades before the Agreement was signed. Class Counsel represented that

they would follow up on the system upgrades to ensure that Defendant completed the promoised upgrades and that this was an important benefit to class members.

Counsel also explained that class members were able to make claims for the time spent responding to data breach—for example if they had a new card issued—which would have been difficult to recover at trial. Counsel also pointed to the weakness in their case and suggested that it might be difficult to show injury to all the class members.

Class Counsel also submitted a Supplemental Declaration regarding attorney's fees. The law firms of Chimcles, Schwartz Kriner & Donaldson and Barnow and Associates, P.C. filed detailed bills that allowed the Court to evaluate the reasonableness of their fees and the time spent on this case. Counsel also detailed the hours spent working with an expert. *Id*. These two firms billed over a million dollars and other firms also submitted smaller and less detailed bills, amounting to approximately $1.1 million in fees. Counsel requested a reduced fee of $739,000 in costs and fees.

At the hearing, the Court observed that not all of the firms that submitted bills provided adequate information, however given the reduced fee, the Court was satisfied that Counsel provided sufficient information to justify the time spent for at least the requested $739,000 in costs and fees. While the Court has reservations about valuing the injunctive relief as a $20 million benefit to the class, the Court is persuaded that there is still value to the class to have Counsel ensure that Defendant follows through on the planned security updates. Moreover, it appears there will not be an unreasonable difference between the amount that the class will receive and Counsel's fees. As the Seventh Circuit found in *In re Sears,* this Court agrees that Class Counsel's fees are appropriate, despite exceeding the cash payout that class members will receive, particularly

considering that Counsel already reduced their fees to approximately half of the hourly fees that they billed. *See In re Sears*, 867 F.3d 791 (7th Cir. 2017).

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order; having heard the presentation of Class Counsel and counsel for Hy-Vee; having reviewed all of the submissions presented with respect to the proposed Settlement Agreement; having determined that the Settlement Agreement is fair, adequate, and reasonable; having considered the application made by Class Counsel for attorneys' fees, costs, and expenses and the application for Service Awards to the Representative Plaintiffs; and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Consolidated Second Amended Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures for customer information, including Card Information, which directly and proximately caused injuries to Plaintiffs and the Class.

3. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the

Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who used a payment card to make a purchase at an affected Hy-Vee point-of-sale device during the Security Incident, which as described in the definition of Security Incident occurred during the time frames and at the locations set forth in Exhibit C to the Settlement Agreement and Appendix A to the Publication Notice.

Excluded from the Settlement Class are (i) Hy-Vee and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at Hy-Vee during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

  A. Defendant to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

  B. Defendant to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting notice, processing and administering claims, and preparing and mailing checks.

  C. Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

  8. The Court finds this Settlement minimally satisfies the requirements of Federal Rule of Civil Procedure 23.

  9. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Class Members under the Settlement, Final Approval Hearing, the application for counsel fees, costs, and expenses, and the proposed service award payments to the Class

Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

10. The Court finds that such Notice as therein ordered was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11. The Court finds that Hy-Vee has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12. As of the Opt-Out deadline, 34 potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

13. The Court has considered all the documents filed in support of the settlement and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

16. Plaintiffs' Counsel will provide the Court with an accounting of the claims administration and deficiency process within five (5) days of completion of that process by the Claims Administrator.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning, or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation including, without limitation, any violations of the Illinois, Iowa, Kansas, Missouri, Minnesota, Wisconsin, and similar state consumer protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, prejudgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning, or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

19. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $2,000

9

each as a service award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

20. The Court has appointed Benjamin F. Johns and Alex M. Kashurba of Chimicles Schwartz Kriner & Donaldson-Smith LLP and Ben Barnow and Anthony L. Parkhill of Barnow and Associates, P.C. as Class Counsel.

21. The Court, after careful review of the time entries and rates requested by Class Counsel and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and costs in the amount of $739,000 and grants the request for service awards to each of the Representative Plaintiffs in the amount of $2,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

22. This Order overrules the sole objection to the Settlement.

23. This Order resolves all claims against all parties in this action and is a final order.

24. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement, without affecting the finality of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

ENTERED this 21st day of July, 2021.

                                                                           /s/ Michael M. Mihm
                                                                             Michael M. Mihm
                                                                   United States District Judge